IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JORGE SOLANO-MORETA,

    Petitioner,

v.                                     Case No. 5:24cv103/TKW/MAL

WARDEN J. GABBY,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Jorge Solano-Moreta, a federal inmate proceeding *pro se,* has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

---

[1] These rules also apply to habeas corpus petitions under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases Habeas Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *see also* N.D. Fla. Loc. R. 5.7(C) ("The Rules Governing Section 2254 Cases in the United States District Courts, as adopted by the Supreme Court, apply to all habeas corpus petitions in this District whether or not filed under section 2254.").

petitioner." Because the petition on its face shows Solano-Moreta is not entitled to proceed with his claim challenging his conviction under § 2241, the undersigned respectfully recommends the petition be dismissed.

I.     **Background**[2]

Petitioner Solano-Moreta is currently in custody at the Federal Correctional Institution at Marianna, Florida with a projected release date of September 30, 2027. *See* https://www.bop.gov/inmateloc/. On December 29, 1997, he was convicted in the United States District Court for the District of Puerto Rico, Case 3:95-cr-00160-RAM, of engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848 (Count II), and of aiding and abetting the use and carry of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 2 and 924(c) (Count IV). The court sentenced him to a total term of 540 months' imprisonment, which included 480 months on Count II and a consecutive 60-month term on Count IV. His total term of imprisonment was later reduced to 438 months in accordance with a retroactive change to the sentencing guidelines.

---

[2] A court may take judicial notice of the docket involving the challenged conviction. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020). Accordingly, some very basic background facts concerning the charges and sentence imposed were taken from the Amended Judgment (ECF No. 2090) and Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 2139) in *United States v. Solano-Moreta*, Case No. 3:95-cr-00160-RAM, (D. Puerto Rico). Although the Court does not anticipate any factual dispute concerning the basic information contained in the documents, for the sake of clarity and to give Solano-Moreta a chance to see them, the two documents noticed are appended to this Report and Recommendation.

Solano-Moreta now seeks to challenge his § 924(c) conviction in Count IV. He contends he is actually innocent of this charge because there was no proof of "active employment" of the firearm, and he is entitled to immediate release. Solano-Moreta asserts that § 2241 is the proper remedy for him to pursue his claim because 28 U.S.C. § 2255 is "inadequate." He maintains that his claim did not become available until years after his deadline for filing a motion pursuant to § 2255, when the Supreme Court decided "*Rosemond*."[3] ECF No. 2 at 5. In support of his claim, Solano-Moreta states as follows:

> The firearm was inside a bag in my bedroom when the alleged drug trafficking crime took place at the dining/living room where the drug was found and therefore there was no violation of 924(c) for "use" and "carry" as charged. There was no "active employment" of the gun as required under Supreme Court precedent.

---

[3] Solano-Moreta does not provide the complete citation to the case to which he refers, but it appears his reference is to *Rosemond v. United States*, 572 U.S. 65 (2014). *Rosemond* involved a "drug deal gone bad" where the shooter could only have been one of two men. *Id.* at 67. Rosemond was charged with a violation of § 924(c) and prosecuted under two separate theories. *Id.* at 68, The Government first contended that Rosemond was the individual who used the firearm during the aborted drug transaction, but as a back-up contended he had aided and abetted the § 924(c) violation. *Id*. The Court found there was an error in the jury instructions that could have led to the jury convicting Rosemond under the latter theory even if he only learned of the presence of the firearm after it was fired, and it remanded the case for the lower court to consider the consequence, if any, of the error in the jury instructions. *Id*. at 81-83. The application of *Rosemond* to Solano-Moreta's conviction is unclear because Solano-Moreta did not go to trial (he pleaded guilty), he does not claim he did not know about the firearm found in his bedroom at the time of the drug trafficking crime, and the drug trafficking crime was a continuing criminal enterprise as opposed to a single incident. Solano-Moreta's reference to "use," "carry," and "active employment" appears to come from *Bailey v. United States*, 516 U.S. 137 (1995) where the Court held that a § 924(c) conviction for "use" of a firearm requires a showing of "active employment." *Bailey* was decided in 1995, before Solano-Moreta's conviction.

ECF No. 2 at 7.

II.  **Discussion**

Independent of the merits of the claim he seeks to raise, Solano-Moreta cannot use § 2241 to challenge the legality of his § 924(c) conviction and sentence. Section 2241 is used to challenge the execution of an initially valid sentence, and concerns matters such as the administration of parole, prison disciplinary actions, prison transfers, and types of detention. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008). In contrast, a collateral attack on the validity of a federal conviction and sentence, which Solano-Moreta raises, must be brought under 28 U.S.C. § 2255 in the district of conviction unless the saving clause applies. *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 993-94 (11th Cir. 2021).

The saving clause in § 2255(e) allows a federal prisoner to challenge his conviction by filing a § 2241 habeas petition if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A prisoner seeking to use the saving clause bears the burden of showing that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017). The applicability of the saving clause is a jurisdictional issue. *See id.* at 1080; *Samak v. Warden, FCC Coleman–Medium*, 766 F.3d 1271, 1273 (11th Cir. 2014).

There are three situations where a § 2255 motion is inadequate to address a petitioner's claims: (1) if the petitioner is challenging the execution of his sentence; (2) if the sentencing court is unavailable or has been dissolved; and (3) if there are practical considerations, such as multiple sentencing courts, that prevent a petitioner from filing a motion to vacate. *See McCarthan*, 851 F.3d at 1092-93. Solano-Moreta's challenge does not fall into any of these categories. Thus, his § 2241 motion does not fall under the saving clause and he cannot use § 2241 to challenge his conviction. No further discussion is required. The Court will nevertheless provide Solano-Moreta an explanation of why his specific claim does not fall under the saving clause.

The touchstone for applying the saving clause, as stated in the text of § 2255(e), is whether "the remedy by motion is inadequate or ineffective to test the legality of his detention." *McCarthan*, 851 F.3d at 1085. "That a court might reject a prisoner's argument does not render his 'remedy by motion'" inadequate or ineffective. *Id.* at 1086. So long as a prisoner is initially "free to bring" the argument in a § 2255 motion to vacate, the remedy by motion is adequate and effective. *Id*. at 1099. Applying this standard, Solano-Moreta's claim that the remedy under § 2255 is inadequate because his "claim became available years after [his] § 2255 deadline when the Supreme Court decided Rosemond" must fail. ECF No. 2 at 5.

"[A] change in caselaw does not trigger relief under the saving clause." *Id.* at 1085. This is because a § 2255 motion could have been used to argue for that very change in caselaw and provide an effective remedy. *Id.* at 1086. Nor is saving clause relief available when the deadline for filing a § 2255 has expired. *See id.* at 1092 ("The saving clause does not allow access to section 2241 whenever a claim is untimely or procedurally defaulted otherwise the statute would render itself inadequate or ineffective."). "A movant may lose because of untimeliness, or procedural default, or failure to bring the claim or claims in an initial § 2255 motion, but that is because of the inadequacy of the case or the claim, not the remedy." *Amodeo*, 984 F.3d at 998. Solano-Moreta also makes a claim of actual innocence to qualify for the saving clause. But "§ 2255 is not inadequate or ineffective to test the validity of an actual innocence claim …." *Id.* at 1003. Because Solano-Moreta was "free to bring" *Rosemond* type claims (or claims about using, carrying, and active employment of a firearm) in an initial § 2255 motion to argue his actual innocence, the remedy of vacating and setting aside the judgment provided in § 2255 would have been adequate and effective. *Id.* at 1001. The saving clause therefore does not apply.

Based on the foregoing, I find Solano-Moreta's § 2241 motion is due to be dismissed because his claim was not properly brought under § 2241 in accordance with the saving clause.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on July 3, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

# ATTACHMENTS

AO 245C (Rev. 10/15) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
## District of _____

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JORGE J. SOLANO-MORETA | Case Number: 3:95-CR-00160-001 (SEC) |
| a/k/a WES, CABALLO, POTRO & PEDRO | USM Number: 11611-069 |
| Date of Original Judgment: 12/29/1997 | Rafael Anglada, Esq. |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
- ☐ Reconsideration of Sentence by Sentencing Court

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s)  two and four
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:848(a)(b) | Continuing Criminal Enterprise | 01/01/92 | two |
| (*) 18:924(c); 18:2 | Aiding and Abetting use and carry of a firearm in relation to a (*) drug trafficking crime. | 06/05/95 | four |

The defendant is sentenced as provided in pages 2 _____4_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☑ Count(s) 1, 3, 5, 6 & 7  ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

06/20/2016
Date of Imposition of Judgment

S/ Salvador E. Casellas
Signature of Judge

Salvador E. Casellas          Senior, U.S. District Judge
Name and Title of Judge

06/20/2016
Date

Defendant: Jorge Solano-Moreta  
Case Number: Crim. No. 95-160-1  

Judgment-Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **four hundred and eighty (480) months on Count Two, and a consecutive term of sixty (60) months on Count Four, for a toal sentence of five hundred and forty (540) months.**

[ ] The Court makes the following recommendations to the Bureau of Prisons:

[ ] The defendant is remanded to the custody of the United States Marshal.  
[ ] The defendant shall surrender to the United States Marshal for this district,

    [ ] at _____ a.m./p.m. on _____.

    [ ] as notified by the Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    [ ] before 2 p.m. on _____.

    [ ] as notified by the United States Marshal.

    [ ] as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____  
_____  
_____  
_____  

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____  
United States Marshal

By _____  
    Deputy Marshal

AO 245 S (3/88) Sheet 2 - Imprisonment

10

Defendant: Jorge Sola_o-Moreta                    Judgment age ___3___ of ___4___
Case Number: Crim. No. 95-160-1 (SEC)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>five (5) years as to Count Two and three (3) years as to Count Four, said terms to be served concurrently</u> and under the following terms and conditions:

    1. The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release on supervised release, and at least 2 periodic tests thereafter, when so requested by the U.S. Probation Officer. If any such samples detect substance abuse, the defendant shall participate in a substance abuse treatment program arranged and approved by the U.S. Probation Officer, until duly discharged by authorized program personnel with the approval of the U.S. Probation Officer.

    2. The defendant shall participate in a vocational training and/or job placement program recommended by the U.S. Probation Officer.

    3. The defendant shall provide the U.S. Probation Officer access to any financial information upon request, and produce evidence to the U.S. Probation Officer to the effect that income tax returns have been duly filed with the Commonwealth of Puerto Rico Department of Treasury as required by law.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[ ]    The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[ ]    The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[X]    The defendant shall not possess any controlled substances, firearms or other dangerous weapons.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90) Sheet 3 - Supervised Release

AO 245C (Rev. 10/15) Amended Judgment in a Criminal Case   (NOTE: Identify Changes with Asterisks (*))
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 4 of 4

DEFENDANT: JORGE J. SOLANO-MORETA
CASE NUMBER: 3:95-CR-00160-001 (SEC)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

TOTALS   $ 0.00   $ 0.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 3:95-cr-00160-RAM Document 2139 Filed 07/03/24 Page 13 of 13
Case 3:24-cv-01001-RAM-MAL Document 1-9 Filed 02/19/24 Page 13 of 13

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)  Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

| | |
|---|---|
| United States of America<br>v.<br>Jorge J. Solano-Moreta | )<br>)<br>)<br>) Case No: 95-cr-160-01 (RAM)<br>) USM No: 11611-069<br>) |
| Date of Original Judgment: 12/29/1997<br>Date of Previous Amended Judgment: 06/20/2016<br>*(Use Date of Last Amended Judgment if Any)* | )<br>) Hector Ramos-Vega<br>) *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED. ☑ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of 540 months **months is reduced to** 438 months.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 12/29/1997 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 03/19/2021    S/ Raul M. Arias-Marxuach
                          *Judge's signature*

Effective Date:           Raul M. Arias-Marxuach, U.S. District Judge
*(if different from order date)*    *Printed name and title*

13